United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 12, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

——————————————

No. 03-51047

——————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR GOMEZ-TRUJILLO,

Defendant-Appellant.

_____

Appeal from United States District Court
for the Western District of Texas
(No. 3:03CR709)

_____

Before KING, Chief Judge, BARKSDALE and PICKERING, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Oscar Gomez-Trujillo appeals his conviction at a bench trial,

claiming that his constitutional right to a jury trial was violated. Because we find that Gomez-

Trujillo both consented and waived his objection to a bench trial, we affirm.

Oscar Gomez-Trujillo drove a semi-tractor trailer through the Sierra Blanca checkpoint at

approximately 9:20 p.m. on March 11, 2003. A border patrol agent and his canine found boxes in

the trailer that contained 327.73 kilograms of cocaine and 600.23 kilograms of marijuana.

Gomez-Trujillo was arrested.

A four-count indictment returned on April 2, 2003, charged Gomez-Trujillo with (1)

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

conspiracy to possess with intent to distribute cocaine, (2) possession with intent to distribute cocaine, (3) conspiracy to possess with intent to distribute marijuana, and (4) possession with intent to distribute marijuana.

Immediately before his trial was scheduled to begin, Gomez-Trujillo attempted to enter a guilty plea. The trial court began the plea colloquy and the court advised Gomez-Trujillo that pleading guilty meant he was abandoning his right to a jury trial. Gomez-Trujillo signed a waiver of his right to a jury trial. However, the trial court refused to accept Gomez-Trujillo's guilty plea when the court concluded that Gomez-Trujillo was not admitting nor accepting responsibility for his knowledge of the drugs. The court stated "Mr. Gomez, if you are telling me this happened by accident, you can tell that story to a jury, because you can't be convicted for something that happened by accident." R. 3:2-21. The trial court then concluded "I'm not going to take this plea. Let's get the jury. . . .You can agree to waive the jury if you want to try it to me, agree to go with the jury, safer to go with the jury." *Id.* at 2-22.

The jury was empaneled and the court started addressing the jury as to how the case would proceed during the trial. As the court was giving the jury preliminary instructions, defense counsel requested permission to approach the bench for a bench conference. Defense counsel advised the court: "He wants to proceed without a jury. If you are going to make a trial he wants to waive a jury." *Id.* at 2-25. The court then noted "I have a valid waiver in the file and it is a part of the record." *Id.* at 2-26. The court asked the government if the government had any objection and the government advised it did not. The court then turned to defense counsel and said "Mr. Aboud, is that what your desire is? Mr. Aboud: That's what my desire is, that's what his desire is. He insisted that he wants to proceed before you." *Id.* (emphasis added). The court

-2-

then noted "The court finds there is an effective and full waiver, it is executed by the Defendant, it has been received as part of the record. The court further finds that the waiver has been renewed." *Id.* The court then dismissed the jury and instructed the government to call its first witness. Counsel for defense then said "Your Honor, my client still wants to proceed with the guilty plea." *Id.* 2-28. The court then noted "I have given him ample opportunities to attempt to give just direct responses. What I am getting is a bunch of hesitation in the responses and a bunch of efforts to try to minimize responsibility or involvement." The court then proceeded with the bench trial.

After the plea attempt broke down, the trial court did not require defendant to sign an additional jury waiver form and did not again personally ask defendant about the jury waiver he had signed. However, the defendant was present when the trial judge dismissed the jury and proceeded with a non-jury/bench trial. The trial court judge found Gomez-Trujillo guilty on all four counts of the indictment. Gomez-Trujillo was sentenced to 235 months imprisonment, five years supervised release, and a $400 special assessment.

Gomez-Trujillo appeals, claiming that his Sixth Amendment right to a jury trial was violated. Fed.R.Crim.Proc. 23(a) provides that when a defendant is entitled to a jury trial "the trial must be by jury unless the defendant waives a jury trial in writing." Without question defendant was entitled to a jury trial. Gomez-Trujillo points out that the jury waiver he executed in writing was in contemplation of the guilty plea which did not materialize. He therefore argues that the district court judge should have personally questioned him about renewing the signed waiver once the plea attempt failed and before commencing the bench trial, and that the judge's failure to do so violated his constitutional right to a jury trial.

The signed waiver made no reference to a guilty plea. The waiver, signed by both defendant Gomez-Trujillo and his attorney, simply stated "The undersigned hereby waive the right to a trial by jury in this cause and hereby agree that all matters of fact, as well as of law, be determined by the Court." Further, defense counsel advised the court very clearly that petitioner himself wanted to waive the jury and proceed with a bench trial. Gomez-Trujillo showed no surprise and said nothing when the jury was dismissed. Neither defendant nor defense counsel ever objected to the court's use of the waiver, or the dismissal of the jury; therefore, the appropriate standard of review is plain error. See United States v. Tobias, 662 F.2d 381, 388 (5th Cir. 1981).

Defendant personally signed a jury waiver that was never withdrawn. Counsel for defendant stated that he was acting at the express directions of the defendant when he requested the jury be excused and the case disposed of by bench trial. Defendant sat by and watched as the jury was dismissed without saying anything and neither defendant nor his attorney objected to the bench trial at any time. Therefore, this Court holds that defendant both consented and waived his objection to a bench trial. There was no plain error committed by the district court regarding the waiver.

For the above reasons, the decision of the district court is

AFFIRMED.